DAVID A. HUBBERT
Deputy Assistant Attorney General

LANDON YOST
KENTON MCINTOSH
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
Phone: 202-307-2144 (Yost); 202-514-3768 (McIntosh)
Fax: 202-307-0054
Landon.M.Yost@usdoj.gov
Kenton.McIntosh@usdoj.gov

*Counsel for the United States*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. |
| v. | ) **COMPLAINT** |
| JOSEPH S. KWOK, | ) |
| Defendant. | ) |

## INTRODUCTION

1. The United States, with the authorization of the Secretary of the Treasury and at the direction of the Attorney General of the United States, brings this timely action to collect outstanding civil penalties (31 U.S.C. § 5321(a)(5), commonly known as FBAR penalties), as well as all associated penalties and interest, having a total balance due to the United States of America of $1,118,538.89, as of January 19, 2023.

2. These FBAR penalties were assessed against Joseph S. Kwok for his willful failure to timely report his financial interest in, and/or his signatory authority over, foreign bank accounts for calendar years 2010 through 2013, as required by 31 U.S.C. § 5314 and its implementing regulations.

3. Additionally, the United States intends to use all appropriate pre-judgment remedies, post-judgment remedies, and additional surcharges as authorized by the Federal Debt Collection Practices Act (28 U.S.C. § 3001 et seq.) to collect any judgment it obtains in this case.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute, the United States is the plaintiff, and the action seeks recovery of civil penalties.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Mr. Kwok is domiciled in this district.

## BACKGROUND

### *Mr. Kwok's Personal History*

6. Mr. Kwok was born in Singapore in 1954.

7. Mr. Kwok is married and has been at all times relevant to this case to Mrs. Margaret L. Yeo.

8. Mr. Kwok obtained a master's degree in Ocean Systems Management from Massachusetts Institute of Technology.

9. Starting in the 1970s, Mr. Kwok began working in the shipping industry in Singapore.

10. Mr. Kwok resided in the United States pursuant to a temporary work visa (H1B1) from 2007 until 2009 and has been a United States permanent resident since 2010.

11. Starting in 2010, Mr. Kwok worked as the Chief Executive Officer of SeaCube Container Leasing, Ltd.

12. Mr. Kwok had also acquired a foreign partnership interest in a Marshall Islands entity called Seacastle, Inc. between 2006 and 2011, and was formerly part of the management team.

13. Mr. Kwok retired in 2017.

14. From 2007 until around May 2021, Mr. Kwok resided in San Francisco, California.

15. Around May 2021, Mr. Kwok moved to Henderson, Nevada, where he presently resides.

*Regulatory Background Regarding the Duty to Report Relations with Foreign Financial Institutions*

16. Section 5314(a) of Title 31 provides that the Secretary of the Treasury "shall require" United States persons to file reports when he or she "makes a transaction or maintains a relation for any person with a foreign financial agency."

17. Although Congress did not define what constitutes a "relation" with a foreign financial agency, the implementing regulations make clear that this "relationship" is a U.S. person's "financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country." 31 C.F.R. § 1010.350(a).

18. A report is required for any year in which the aggregate balance for such foreign financial accounts exceeds $10,000. 31 C.F.R. § 1010.350(a); *see also* 31 C.F.R. § 1010.306(c) (2011).

19. These relationships are required to be reported on a form titled "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." For calendar years 2010 through 2012, the required form was Form TD-F 90-22.1. For 2013, the form was FinCEN Form 114. *See* 31 U.S.C. § 5314; *see also* 31 C.F.R. § 1010.350(a).

20. For the years at issue, 2010 through 2013, the FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c) (2011).

21. Each foreign financial account must be listed separately on the FBAR, with a limited exception for persons with 25 or more accounts. *See* FBAR, Parts II, IV.

22. Additionally, anyone who is required to file an income tax return (Form 1040) and include a Schedule B, Interest and Ordinary Dividends, is required to disclose a financial interest in, or signatory authority over, a foreign financial account or accounts on the Schedule B attached to their income tax return.

23. Specifically, Schedule B asks the taxpayer: "At any time during [tax year], did you have an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account? See instructions on back

for exceptions and filing requirements for Form TD F 90-22.1. " *See* Schedule B Form 1040 (2010).

24. Section 5321(a)(5) of Title 31 authorizes the Secretary of the Treasury to impose civil penalties for willful failure to comply with the reporting requirements of Section 5314. Specifically, Section 5321(a)(5)(C) provides for a maximum penalty equal to the greater of $100,000 or 50% of the balance in the account at the time of the violation.

25. An assessed penalty under 31 U.S.C. § 5321(a)(5)(C) is subject to interest and further penalties pursuant to 31 U.S.C. § 3717.

*Mr. Kwok's Accounts with Foreign Financial Institutions from 2010 through 2013*

26. For tax years 2010–2013, Mr. Kwok failed to report 19 foreign bank and/or securities accounts he held with financial institutions in Singapore: Central Depository (PTE) Limited (CDP), DBS Bank Limited (DBS), Citibank Singapore (Citibank), Kim Eng Securities (Kim Eng), and United Overseas Bank (UOB):

| BANK NAME | ACCOUNT NUMBER | TYPE OF ACCOUNT | YEAR OPENED | NAMES ON ACCOUNT |
|---|---|---|---|---|
| CDP | XXXX-XXXX-0178 | Securities | Pre-2010 | Joseph Sin Kin Kwok |
| Citibank | X-XXXXX2-006 | Bank | Pre-2010 | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo |
| Citibank | X-XXXXX2-014 | Bank | Pre-2010 | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo |
| Citibank | X-XXXXX2-022 | Bank | Pre-2010 | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo |
| Citibank | X-XXXXX0-399 | Securities | Pre-2010 | Joseph Sin Kin Kwok |
| Citibank | X-XXXXX3-008 | Bank | Pre-2010 | Joseph Sin Kin Kwok & Seacastle Singapore PTE Ltd.[1] |
| Citibank | X-XXXXX3-016 | Bank | Pre-2010 | Joseph Sin Kin Kwok |
| Citibank | X-XXXXX2-006 | Securities | Pre-2010 | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo |
| Citibank | X-XXXXX2-001 | Securities | Pre-2010 | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo |
| DBS | XXXXXX-XX-7-022 | Bank | July 2011 | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo |
| DBS | XXX-XXXX52-01 | Securities | July 2011 | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo |
| DBS | XXX-X-XX832-8 | Bank | July 2011 | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo |

---

[1] Starting sometime in 2013, Seacastle Singapore PTE Ltd.'s name was added to this account, which was previously only in Mr. Kwok's name.

4

| BANK NAME | ACCOUNT NUMBER | TYPE OF ACCOUNT | YEAR OPENED | NAMES ON ACCOUNT |
|---|---|---|---|---|
| DBS | XXX-XX181-0 | Bank | Pre-2010 | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo |
| DBS | XXX-XX960-6 | Bank | Pre-2010 | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo |
| DBS | XXX-XX895-5 | Bank | Pre-2010 | Joseph Sin Kin Kwok[2] |
| DBS | XXX-XX115-5 | Bank | Pre-2010 | Joseph Sin Kin Kwok |
| Kim Eng | XX2176 | Securities | Pre-2010 | Joseph Sin Kin Kwok |
| UOB | XXX-XXX-713-0 | Bank | Pre-2010 | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo |

***Mr. Kwok's Failure to Timely Report His Relations with Foreign Financial Institutions***

27.  For calendar year 2010:

   a.  Mr. Kwok had a financial interest in, or signature authority over, the foreign financial accounts in the following table:

| Bank Name | Names on Account | Account Number | Highest Balance of the Year |
|---|---|---|---|
| CDP | Joseph Sin Kin Kwok | XXXX-XXXX-0178 | $4,626[3] |
| Citibank | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | X-XXXXX2-006 | $303,036 |
| Citibank | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | X-XXXXX2-014 | $6,879 |
| Citibank | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | X-XXXXX2-022 | $21,302 |
| Citibank | Joseph Sin Kin Kwok | X-XXXXX0-399 | $358,202 |
| Citibank | Joseph Sin Kin Kwok | X-XXXXX3-008 | $6,685 |
| Citibank | Joseph Sin Kin Kwok | X-XXXXX3-016 | $101,044 |
| Citibank | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | X-XXXXX2-006 | $157,700 |
| Citibank | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | X-XXXXX2-001 | $780,289 $378,129[4] |
| DBS | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | XXX-XX181-0 | $152,895 |
| DBS | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | XXX-XX960-6 | $52,334 |
| DBS | Joseph Sin Kin Kwok | XXX-XX895-5 | $11,383 |
| DBS | Joseph Sin Kin Kwok | XXX-XX115-5 | $5,114 |
| Kim Eng | Joseph Sin Kin Kwok | XX2176 | $74,798 |

---

[2] This account was held in Mr. Kwok's name but was for the use of his daughter, Dashia Kwok.
[3] All currency values are listed in terms of United States Dollars. Many of these accounts were held in Singaporean Dollars, in which case the values were converted into United States Dollars using the exchange rate of the end of the applicable calendar year.
[4] The account with the number ending in 2-001 contained interests in two separate unit trusts.

5

| Bank Name | Names on Account | Account Number | Highest Balance of the Year |
|---|---|---|---|
| UOB | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | XXX-XXX-713-0 | $608,889 |
| **TOTALS:** | | | $3,023,305 |

    b. Mr. Kwok was required to file an FBAR by June 30, 2011, reporting his interest in the accounts listed above in paragraph 27.a, but he failed to do so.

  28. For calendar year 2011:

    a. Mr. Kwok had a financial interest in, or signature authority over, the foreign financial accounts in the following table, with the following highest balances:

| Bank Name | Names on Account | Account Number | Highest Balance of the Year |
|---|---|---|---|
| CDP | Joseph Sin Kin Kwok | XXXX-XXXX-0178 | $58,262 |
| Citibank | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | X-XXXXX2-006 | $303,036 |
| Citibank | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | X-XXXXX2-014 | $8,673 |
| Citibank | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | X-XXXXX2-022 | $155,379 |
| Citibank | Joseph Sin Kin Kwok | X-XXXXX0-399 | $192,313 |
| Citibank | Joseph Sin Kin Kwok | X-XXXXX3-008 | $4,530 |
| Citibank | Joseph Sin Kin Kwok | X-XXXXX3-016 | $1 |
| Citibank | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | X-XXXXX2-006 | $166,300 |
| Citibank | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | X-XXXXX2-001 | $632,569 $330,109 |
| DBS | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | XXXXXX-XX-7-022 | $998 |
| DBS | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | XXX-XXX52-01 | $1,173,156 |
| DBS | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | XXX-X-XX832-8 | $394,079 |
| DBS | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | XXX-XX181-0 | $104,804 |
| DBS | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | XXX-XX960-6 | $40,126 |
| DBS | Joseph Sin Kin Kwok | XXX-XX895-5 | $13,488 |
| DBS | Joseph Sin Kin Kwok | XXX-XX115-5 | $2,639 |
| Kim Eng | Joseph Sin Kin Kwok | XX2176 | $96,597 |
| UOB | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | XXX-XXX-713-0 | $282,283 |
| **TOTALS:** | | | $3,959,342 |

    b. Mr. Kwok was required to file an FBAR by June 30, 2012, reporting his interest in the accounts listed above in paragraph 28.a, but he failed to do so.

29. For calendar year 2012:

   a. Mr. Kwok had a financial interest in, or signature authority over, the foreign financial accounts in the following table, with the following highest balances:

| Bank Name | Names on Account | Account Number | Highest Balance of the Year |
|---|---|---|---|
| CDP | Joseph Sin Kin Kwok | XXXX-XXXX-0178 | $72,007 |
| Citibank | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | X-XXXXX2-006 | $1,286 |
| Citibank | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | X-XXXXX2-014 | $8,675 |
| Citibank | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | X-XXXXX2-022 | $16,754 |
| Citibank | Joseph Sin Kin Kwok | X-XXXXX0-399 | $308,414 |
| Citibank | Joseph Sin Kin Kwok | X-XXXXX3-008 | $4,409 |
| Citibank | Joseph Sin Kin Kwok | X-XXXXX3-016 | $1 |
| Citibank | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | X-XXXXX2-006 | $226,700 |
| Citibank | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | X-XXXXX2-001 | $336,591 $268,039 |
| DBS | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | XXXXXX-XX-7-022 | $1,048 |
| DBS | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | XXX-XXXX52-01 | $1,194,989 |
| DBS | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | XXX-X-XX832-8 | $432,328 |
| DBS | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | XXX-XX181-0 | $103,742 |
| DBS | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | XXX-XX960-6 | $23,916 |
| DBS | Joseph Sin Kin Kwok | XXX-XX895-5 | $16,244 |
| DBS | Joseph Sin Kin Kwok | XXX-XX115-5 | $6,378 |
| Kim Eng | Joseph Sin Kin Kwok | XX2176 | $174,339 |
| UOB | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | XXX-XXX-713-0 | $326,419 |
| **TOTALS:** | | | $3,522,279 |

   b. Mr. Kwok was required to file an FBAR by June 30, 2013, reporting his interest in the accounts listed above in paragraph 29.a, but he failed to do so.

30. For calendar year 2013:

   a. Mr. Kwok had a financial interest in, or signature authority over, the foreign financial accounts in the following table, with the following highest balances:

| Bank Name | Names on Account | Account Number | Highest Balance of the Year |
|---|---|---|---|
| CDP | Joseph Sin Kin Kwok | XXXX-XXXX-0178 | $10 |

7

| Bank Name | Names on Account | Account Number | Highest Balance of the Year |
|---|---|---|---|
| Citibank | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | X-XXXXX2-006 | $1,244 |
| Citibank | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | X-XXXXX2-014 | $85,470 |
| Citibank | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | X-XXXXX2-022 | $17,280 |
| Citibank | Joseph Sin Kin Kwok | X-XXXXX0-399 | $291,403 |
| Citibank | Joseph Sin Kin Kwok | X-XXXXX3-008 | $2,281 |
| Citibank | Joseph Sin Kin Kwok | X-XXXXX3-016 | $1 |
| Citibank | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | X-XXXXX2-006 | $347,190 |
| Citibank | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | X-XXXXX2-001 | $340,203 |
|  |  |  | $269,344 |
| DBS | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | XXXXXX-XX-7-022 | $1,004 |
| DBS | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | XXX-XXXX52-01 | $1,180,374 |
| DBS | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | XXX-X-XX832-8 | $292,009 |
| DBS | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | XXX-XX181-0 | $439,413 |
| DBS | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | XXX-XX960-6 | $20,736 |
| DBS | Joseph Sin Kin Kwok | XXX-XX895-5 | $17,625 |
| DBS | Joseph Sin Kin Kwok | XXX-XX115-5 | $6,901 |
| Kim Eng | Joseph Sin Kin Kwok | XX2176 | $149,115 |
| UOB | Joseph Sin Kin Kwok & Margaret Lee Hiang Yeo | XXX-XXX-713-0 | $414,941 |
| **TOTALS:** |  |  | $3,876,544 |

  b. Mr. Kwok was required to file an FBAR by June 30, 2014, reporting his interest in the accounts listed above in paragraph 30.a, but he failed to do so.

### *Mr. Kwok's Failure to Timely Report was Willful*

31. After Mr. Kwok immigrated to the United States in 2007, he hired PricewaterhouseCoopers LLP (PWC) to prepare his personal tax returns and SeaCube's corporate tax returns for tax years 2008 and 2009.

32. For tax years 2008 and 2009, on Mr. Kwok's Form 1040, Schedule B, in response to the question on line 7(a), "At any time during [the tax year], did you have an interest in or signature authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account," the response "no" was given, even though Mr. Kwok had numerous such accounts during those years.

33. In 2011, Mr. Kwok hired James R. Miller, CPA of Lafayette, California to prepare his individual tax returns starting with tax year 2010.

34. According to questionnaires Mr. Miller provided to the IRS, Mr. Miller asked Mr. Kwok and Mrs. Yeo every year that he prepared their taxes whether they had any qualifying foreign bank accounts or foreign income when he prepared their Forms 1040 for tax years 2010–13.

35. The questionnaires asked: "Did you have any foreign income or pay any foreign taxes?"

36. The 2011 questionnaire also asked:

> Did you have an interest in or signature or other authority over a financial account over $10,000 in aggregate in a foreign country during any time in 2011, such as a bank account, securities account, retirement account, or other financial account? If so, you must file a federal form TDF 90-22.1 by June 30, 2012. Huge fines or penalties (including criminal) apply to not filing this form if due.

The 2010 questionnaire had a similar question. In response to both questionnaires, Mr. Kwok denied that he had any such interest.

37. The 2012 and 2013 questionnaires asked: "Did you have an interest in or signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account?"

38. For the 2010 to 2013 tax years, Mr. Kwok stated that he had no foreign income and no qualifying foreign bank account in response to these questionnaires.

39. Emails from as early as February 2011 show that Mr. Miller was discussing the FBAR requirement with Mr. Kwok.

   a. On February 22, 2011, Mr. Miller sent an email to Ms. Lisa Leach, the Vice President & General Counsel of SeaCube, stating:

> I did ask him if he had signature authority on any corporate foreign accounts. He said he would check with you. If so, I need the details for his FBAR reporting form (TDF 90-22.1) www.irs.gov/pub/irs-pdf/f90221.pdf, unless PW prepares one for all corporate parties who can sign on your corporate accounts (which would protect all your signers from the severe non-filing penalties). He thought he had all his personal accounts in the USA in 2010, so his FBAR reporting obligation would only stem from his corporate signature authority.

    b. On June 2, 2011, Mr. Miller sent an email to Mr. Kwok, stating:

> Hi Joseph,
>
> I just wanted to check with you to make sure we don't have any IRS foreign filing issues. Here are a couple of items to check, based on information in your 2010 returns.
>
> 1. I know you received directors fees from Seacastle in 2010. If you or your family has 10% or more stock ownership of voting or value, we have to file an IRS form 5471 by 10/15/11. Would you look up and see if your stockholdings in Seacastle in 2010 were 10% or more of voting or value. This is a complicated area and form preparation process.
> 2. Since you are an officer in Seacastle and Carlisle, if you have signatory authority in 2010 for any of their foreign accounts you probably have to file a US Treasury from TDF 90-22.1 by 6/30/11. Could you check soon and see if you had such signature authority. (You did indicate that you did not have any personal foreign bank accounts in 2010…so no FBAR reporting required for your personal accounts.)
>
> There are also reporting requirements if you are connected with a foreign trust or if you had outbound (transfers out of US) and inbound transactions (such as gifts/inheritances >$100,000, etc.).
> FYI, for the 2011 tax year, if you own stock of a foreign corporation (Seacastle) valued in excess of $50,000, there will be a new disclosure form to file with the IRS by April 2012.
>
> There are giant penalties for not filing the above forms with the US. I am trying to keep you out of such problems by asking you to take a look at these issues.
>
> Regards,
>
> Jim.

    c. Mr. Kwok responded to the June 2, 2011 email stating:

> Jim,
>
> Answers to your questions in sequence :
>
> 1. No. The stock I own in Seacastle is very small in percentage, probably just about 1%
> 2. I don't get involve in any of our Company's foreign accounts operated by our overseas offices, not even on approval matters.
>
> We don't have any foreign trusts as we have moved our fund into US when we moved here. Most of it went into investment in our house and stocks.
>
> As you know, I do own vested stock in Seacastle and I have paid tax very year since 2007 for stock vested in that particular year. The total value of my Seacastle holding is definitely more than $50,000 at current book valuation. Do I need to disclose in 2011 tax return?
>
> I have sent out all the tax returns and check payments as per your guidance. Could you email me a soft copy of the tax returns for my record?

    d. On February 27, 2012, Mr. Kwok emailed Mr. Miller to request preparation of his 2011 tax year return stating:

> Jim,
>
> It is time to prepare my 2011 tax return. I have mailed out to you the Engangement letter duly signed. I am emailing you the supportive documents in PDF files. Nothing much have changed is 2011 as compared to 2010 except for my 2nd property (179, Crestview Dr). I could not sell it due to the market conditions and have entered into a rental arrangement.
>
> After you receive the documents, please feel free to contact me with any questions.
>
> Best regards,
> Joseph

    e. In an email response on March 21, 2012, Mr. Miller discussed the need to file a FATCA Form 8938 with respect to Mr. Kwok's holdings in Seacastle, Inc., and inquired, "If you have other foreign securities/trusts, please let me know the information to disclose those too." To which Mr. Kwok replied, "none to report." Notably, Mr. Kwok had opened new foreign accounts with DBS, including a securities account, as recently as July of 2011.

    f. On March 17, 2013, Mr. Miller emailed Mr. Kwok, "Did you have a foreign account which had more than $10,000 in it during 2012? If so, I need name, address, account number highest value in 2012." Mr. Kwok responded, "No." Mr. Miller also asked, "Any Citicorp broker statements, 1099-DIV or 1099-B for 2012?" Mr. Kwok responded, "I never had a citicop [sic] brokerage account. My only two brokerage accounts in 2012 were Charles Schwab and Wells Fargo brokers same as in 2011." Mr. Kwok did, however, have six additional securities accounts as detailed in Paragraph 29.

    g. During preparation of the 2013 tax year return, in a March 23, 2014 email, Mr. Miller wrote: "New Canadian owner of Sea Cube: If you have signature over a foreign account, you have to fill out an FBAR form at the U.S. Treasury dept by 6/30 each year." Kwok responded "Nothing has changed with regard to the

11

1   operations of the company despite the change of shareholder. Nonetheless, I will check to see if I have signature over any foreign account."

40. Mr. Kwok did answer "yes" to the question on Line 7(a) of Schedule B of his 2013 Form 1040 regarding whether he had an interest in any foreign accounts, and he indicated he had accounts located in Singapore. However, he filed no timely FBAR for 2013, waiting instead until December of 2015 to disclose his accounts in connection with an IRS disclosure program.

41. In October of 2014, after a meeting in which Mr. Miller stated that Mr. Kwok first disclosed his Singapore account, Mr. Kwok emailed Mr. Miller spreadsheets listing Mr. Kwok's foreign accounts.

### *Mr. Kwok Elects for the Offshore Voluntary Disclosure Program (OVDP)*

42. In April of 2015, Mr. Kwok made a submission to the IRS under the 2014 OVDP.

43. OVDP offered U.S. taxpayers with undisclosed income from offshore assets a compliance avenue to resolve income tax liabilities, various tax information reporting obligations relating to foreign financial assets, and FBAR reporting requirements. OVDP provided protection from criminal prosecution and a uniform civil penalty structure for taxpayers who came forward voluntarily and report their noncompliance.

44. In his submission, Mr. Kwok disclosed interests in the accounts at issue in this case.

45. Mr. Kwok provided bank records, which the IRS used to support the penalty assessments.

46. In December of 2015, Mr. Kwok submitted amended returns for tax years 2008–12, which reported previously unreported interest and dividends earned in his foreign accounts.

47. Also in December of 2015, Mr. Kwok filed FBARs for years 2007–2013, which reported each of the accounts for which penalty assessments are at issue in this case.

### *Mr. Kwok Opted-Out of the OVDP, and the IRS Proposed a Willful FBAR Penalty Assessment*

48. On February 14, 2018, Mr. Kwok requested to opt-out of the 2014 OVDP, and an IRS examination commenced.

49. The IRS determined that Mr. Kwok's failure to timely report his Singaporean bank and securities accounts was willful.

50. Pursuant to 31 U.S.C. § 5321(a)(5)(C), a penalty in an amount equal to the greater of 50 percent of the balance of each account at the time of the violation or $100,000 per account may be imposed.

51. The IRS calculated the maximum statutory penalty as $7,657,987.

52. The IRS assessed FBAR penalties against of Mr. Kwok totaling $1,081,564.00 in the following amounts:

    a. $237,110.41 for 2010,

    b. $286,201.47 for 2011,

    c. $271,216.53 for 2012, and

    d. $287,035.59 for 2013.

53. These penalty amounts are within the maximum penalty amounts under 31 U.S.C. § 5321(a)(5)(C) and IRM 4.26.16.6.5.3(2)(11-06-2015).

54. On April 9, 2019, the IRS issued a Letter 3709 proposing assessment of willful FBAR penalties under 31 U.S.C. § 5314 with respect to the calendar years 2010, 2011, 2012, and 2013 in the total amount of $1,081,565.

### *Mr. Kwok Appealed the Proposed Assessment*

55. On May 23, 2019, Kwok protested the proposed willful FBAR penalty assessment before the IRS Independent Office of Appeals (Appeals).

56. Appeals denied Mr. Kwok's arguments and sustained Exam's proposed willful FBAR penalty assessment.

57. On May 25, 2021, the IRS assessed the proposed willful FBAR penalties.

58. On June 1, 2021, the IRS issued a Letter 3708 demand for payment of the assessed penalties.

59. Despite the notice and demand for payment, Mr. Kwok failed to pay the penalties assessed against him.

### *Timeliness of assessments and this action*

60. The statute of limitations for the assessment of an FBAR penalty is six years from the date of the violation. 31 U.S.C. §5321(b)(1). The violation dates relevant to this action are June

30 of the year following the calendar year for which a report needed to be made. 31 C.F.R. § 1010.306(c) (2011).

61. Mr. Kwok, however, consented to extend the statute of limitations for assessing the FBAR penalties at issue multiple times. The latest consent for the years at issue was executed on January 25, 2021, and it extended the time to assess the FBAR penalties to October 31, 2021. The assessment of the penalties on May 1, 2021 was therefore timely.

62. A suit to reduce to judgment FBAR penalties must be brought within two years from the date of assessment (in this case, May 1, 2021) to be timely. 31 U.S.C. § 5321(b)(2). Here the deadline to bring suit is May 1, 2023. This suit is therefore timely.

**COUNT ONE: REDUCE § 5321(a)(5)(C) PENALTIES TO JUDGMENT**

63. During the 2010–2013 calendar years Mr. Kwok was a United States person who had a financial interest in, and/or signatory authority over, foreign bank accounts with balances exceeding $10,000 in each year (the financial accounts listed in Paragraphs 25–29).

64. Mr. Kwok failed to file an FBAR with respect to the accounts described above before June 30 of the following year for each calendar year 2010-2013, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 103.27(c).

65. Mr. Kwok's failures to timely file these FBARs were willful within the meaning of 31 U.S.C. § 5321(a)(5).

66. Pursuant to 31 U.S.C. § 3717(a)(1), the United States is entitled to recover prejudgment interest that has accrued on Mr. Kwok's unpaid FBAR penalties.

67. Pursuant to 31 U.S.C. § 3717(e)(2), the United States is entitled to recover a penalty for Mr. Kwok's failure to pay a lawful debt owed the United States.

68. Pursuant to 31 U.S.C. § 3717(e)(1), the United States is entitled to recover the cost of processing and handling Mr. Kwok's unpaid FBAR penalties.

69. Mr. Kwok thus is liable to the United States for $1,059,030.11 in willful FBAR penalties, $51,007.53 in accrued and assessed late payment penalties, and $8,501.26 of interest, plus costs of collection, pursuant to 31 U.S.C. § 3717, as of January 19, 2023. The United States

is entitled to recover $1,118,538.89, plus interest, penalties, and costs accruing from January 19, 2023.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, the United States of America, prays that the Court:

A. Enter judgment against Joseph S. Kwok and in favor of the United States in the amount of $1,118,538.89, as of January 19, 2023, for the FBAR penalties assessed against him for calendar years 2010 through 2013 under 31 U.S.C. § 5321(a)(5), interest under 31 U.S.C. § 3717(a)(1), and late payment penalties under 31 U.S.C. § 3717(e)(2), plus further interest and statutory additions thereon as allowed by law from the date of assessment to the date of payment; and

B. Award the United States its costs incurred in connection with this action, along with such other relief as justice requires.

Dated: February 23, 2023.

    DAVID A. HUBBERT
    Deputy Assistant Attorney General

    */s/ Kenton McIntosh*
    LANDON YOST
    KENTON MCINTOSH
    Trial Attorney, Tax Division